Mr. Justice Clayton
delivered the opinion of the court.
The controversy in this case grows out of the will of John Rail, deceased. Two clauses bear principally upop the point, though it may be necessary to allude to others. The first of these is in the body of the will, the other in the codicil. Their legal effect, however, is the same as if both were contained in the will itself.
After devising certain real and personal estate to Richard Harding, as trustee for his daughter, Mary Hume, to her sole and separate use, to the exclusion of her husband, the first clause in question says: “It is my will, that the said Mary Hume shall have the entire control and disposal of the proceeds *183 and profits of the land and negroes devised to her, for life, and at her death the said land and negroes shall be divided among her children, but in case she should die without issue, then said land and negroes shall be equally divided among my surviving children.”
The other clause revokes the appointment of Harding, as trustee for his daughter, Mary Hume, and then goes on to say: “It is my will, that all the devise's in my will, for the benefit of my said daughter, Mary Hume, shall vest in Mrs. Amelia A. Calhoun, as trustee for my said daughter, and for her sole and separate use. and I hereby appoint the said Amelia to be trustee for my said daughter: and it is my will that the said Mary Hume shall, at her election, be entitled to the possession, use, management and control, of all the property devised to her in said will, during her life, and to sell and exchange the same, and shall have full power to dispose of the same, or any part thereof, at her discretion, by her last will and testament. And I hereby ratify, confirm, and republish, my said will, in all ' things except as altered by this codicil.”
Mrs. Hume died without issue. The appellants are her half sisters, and claim under the limitation. The appellees represent those, who, as the whole blood, claim the estate by descent from Mrs. Hume. The validity of the limitation over, is the point to be decided. ,
There is no doubt that, according to the former decisions of this court, if the first clause stood alone, and unaffected by the latter, that the limitation over would be held good, and the appellants entitled to recover. Rucker v. Lambdin, 12 S. & M. 256; Kirby v. Calhoun, 8 Ib. 462.
Is there any thing in the codicil to change this result? The leading object of the testator in his bequests to Mrs. Hume, was to make a provision for her sole and separate use, and to place her fortune beyond the reach of her husband. In the will the property is vested in her trustee, and the profits and proceeds made subject to her disposal. In the codicil, the property is again vested in a trustee for' the same purposes, but at her election she is to be entitled to its possession and management, and *184 to sell and exchange the same, and to dispose of it at discretion by last will and testament. Does the codicil enlarge the life estate given by the will, into 'a fee simple! If it does not, the limitation is admitted to be valid. In express words, then, it does not. Taking the two clauses together, it is still an estate for life, with a power of sale and exchange, or a power of disposition by will, snperadded. The authorities are express that such power appended to an estate for life, does not enlarge it into a fee simple. 1 Sugd. Pow. 119; Jackson v. Robins, 16 Johns. R. 587.
The estate was not to be taken out of the hands of her trustee, except at her election: if she made no such election, it remained as it stood before. The estate was vested, subject to be divested by the exercise of the power, and if not exercised, no change was wrought in it. 1 Sugd. ut supra; 2 Sugd. Pow. 5; 4 Kent, 324.
In the English law, powers of “sale and exchange” have a definite meaning. They imply that the proceeds of the sale are to be vested in another estate of the same character, and to be settled to the same uses. Ibid. 494. In practice they are often exercised in aid of, and not to interfere with, the ultimate limitations, and to carry out the intention of the parties.
At last it is a question of intention. Wherever the intention is apparent, it will be carried into effect, if it do not contravene some positive rule of law. 4 Kent, Comm. 318, et seq.; Shermer v. Shermer’s Ex'rs, 1 Wash. (Va.) R. 266. In this instance the testator has shown no intention to enlarge the life estate, unless the legatee elected to exercise the power. The codicil confirmed the will, except so far as altered expressly. There is no change of the limitation, unless by implication. He has shown no design to exclude his younger children from a participation in his bounty, unless Mrs. Hume shonld exercise the power to their prejudice. She might have defeated the limitation, but unless she did so, the fifth clause remains in force. Words are sometimes construed to create an estate for life, or an inheritance, as shall best promote the testator’s intention. In this case that object is best secured, by holding that only a life *185 estate passed to Mrs. Hume, with a power of disposition annexed. 1 Wash. R. 266. Here, however, it is only necessary to give the words their plain meaning.
Powers derive their principal effect from the statute of uses. By their aid, on a given event, by the future direction of the party himself, or of some person appointed by him’j estates which had been limited or permitted to descend to a person, may be divested from him, and vested in another. Fearne, Ex. Dev. 563, note. They are watched with the same jealousy as any other mode of conveyance, when they tend to create perpetuities; but subject to the limits prescribed to guard against restraints upon alienation, they may be created at the pleasure of the party. If they transgress these limits, they are void ; if they do not, they have the same claims to support with remainders or executory devises. 4 Kent, 324, 345. If this will be tried, either by the common law rule against perpetuities, or by our statute in regard to limitations of estates, its provisions will not be found to trench on the prescribed boundaries. Hutch. Code, 610, § 26. Indeed there is every reason to extend this statute to estates to be created by the exercise of powers, and to test their validity by its provisions.
On the whole, we think the intention of the testator was, to give his younger children, on a certain event, a portion of the estate devised to Mrs. Hume, if she did not cut them out by the exercise of her power, and that there is nothing in the law, to prevent carrying this intention into effect.
There is no doubt as to the jurisdiction of the court of probates in the case.
The petition was dismissed in the court below. This was error, and the order is reversed, and the cause remanded, for proceedings in accordance with this opinion.
Judgment reversed.